NOT DESIGNATED FOR PUBLICATION

No. 119,729

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN MARTIN PATTON JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed June 28, 2019. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Defendant John Martin Patton Jr. appeals the Johnson County District Court's decision revoking his probation on two forgery convictions and ordering him to serve a controlling 28-month prison term. While acknowledging he received intermediate sanctions on two earlier probation violations that legally permitted the district court to send him to prison for this violation, Patton contends the order amounted to an abuse of judicial discretion under the circumstances. We disagree, especially given

1

the escalating character of the violations culminating in Patton's battery of his sister, and, therefore, affirm the district court.

Pursuant to a deal his lawyer worked out with the prosecutor in late 2015, Patton pleaded guilty to two counts of forgery, and the district court sentenced him to consecutive prison terms of 19 and 9 months on the convictions, placed him on probation for 18 months, and ordered him to pay restitution.

Patton had a rocky go of it on probation. In March 2016, he stipulated to violations for consuming alcohol and missing several drug tests. The district court imposed a statutory sanction on Patton requiring him to spend three days in jail. See K.S.A. 2018 Supp. 22-3716(c). The district court also extended Patton's probation for another 18 months.

Just over three months later, the State again alleged Patton had violated the terms of his probation by continuing to drink alcohol. Patton declined to stipulate to the violation. After an evidentiary hearing, the district court found that Patton had committed the violation and imposed a 180-day prison sanction consistent with the graduated punishments in K.S.A. 2016 Supp. 22-3716(c) for repeat probation violators. Patton appealed, and this court affirmed. See *State v. Patton*, No. 116,665, 2017 WL 3207384, at *1 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 992 (2018).

In November 2017, the State filed a third allegation of probation violations based on Patton failing to make payments toward restitution and court costs. The State later amended the allegations to include another positive test for alcohol and a violation arising from Patton's arrest for domestic battery of his sister. Patton again declined to stipulate to the alleged violations, so the district court held an evidentiary hearing in late May 2018. The district court found the State had proved the violations. As to the domestic battery, the evidence showed that Patton and his sister lived with their grandmother. Patton and

2

his sister had a disagreement that grew into a physical confrontation. Patton grabbed his sister and threw her to the floor; she fell against a table that toppled and struck her head. The district court revoked Patton's probation and ordered that he serve the original prison sentences on the forgery convictions, less the time he spent in jail awaiting adjudication of the last set of probation violations. Patton has appealed.

We first outline several legal principles relevant to probation revocations. Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

Here, the State proved the most recent allegations against Patton by a preponderance of the evidence, satisfying its burden in a probation revocation hearing. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). After a violation has been proved, the district court has the discretion to impose a statutory sanction or to revoke the probation and send the probationer to prison in conformity with the scheme of graduated punishments in K.S.A. 2018 Supp. 22-3716(c). See *Skolaut*, 286 Kan. at 227-28. Judicial discretion has been abused if the district court's decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158, *cert. denied* 135 S. Ct. 728 (2014). Patton carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

On appeal, Patton does not dispute the sufficiency of the evidence supporting the probation violations. And he acknowledges the district court followed the statutory

3

requirements in K.S.A. 2018 Supp. 22-3716(c) by imposing successive intermediate sanctions on him before ordering him to serve the prison sentences. Patton, likewise, does not suggest the district court otherwise misapplied the governing law or mistook the relevant facts. Rather, he contends the district court's decision to send him to prison was so extreme that no reasonable judicial officer would have come to that conclusion on this factual record. We disagree.

Patton argues that prison should be reserved for defendants committing violent and more serious crimes. He cites *State v. Favela*, 259 Kan. 215, 233, 911 P.2d 792 (1996), in support of that proposition. But in *Favela*, the court was generally discussing the circumstances warranting a sentence departure in the first instance—not how a district court should deal with a chronic probation violator. The Legislature has directly and specifically outlined its public policy approach to probation violations with the statutory scheme calling for graduated sanctions for repeat violators culminating in revocation. As Patton concedes, the district court has complied with that scheme in addressing his persistent violations.

Moreover, the violations are not merely technical. Patton's inability to abstain from alcohol indicated an ongoing substance abuse problem. Those problems often have material collateral effects. Equally significant here, Patton's violations culminated in the commission of a new (and physically violent) crime—the battery of his sister. The district court was not required to impose yet another intermediate sanction on Patton. Patton not only demonstrated an inability to conform to reasonable conditions of probation but appeared to regress over time. The district court acted reasonably in revoking Patton's probation and sending him to prison. The decision falls well within the latitude that constitutes judicial discretion in these circumstances. In other words, we are confident other district courts would have done the same.

Affirmed.

4